UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

UNITED STATES OF AMERICA            :        S2 15 Cr. 95-032 (AJN)

        - v. -                           :

IVANJOEL ARYEETEY,                  :

        *Defendant.*                     :

---------------------------------------------------------------x


## MOTION TO VACATE CONVICTION
## UNDER 28 U.S.C. § 2255


Sarah Baumgartel
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8772
Counsel for Ivanjoel Aryeetey


TO:   Geoffrey Berman, Esq.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007
      Attn: AUSA Jessica K. Feinstein
.

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................................ 1

    A. Mr. Aryeetey's Conviction and Sentence ............................................................ 1

    B. Post-Conviction Proceedings ............................................................................... 3

    C. The Supreme Court's Decision in *United States v. Davis* .............................. 4

ARGUMENT ............................................................................................................................ 6

    I.    Applicable Law ........................................................................................................ 6

    A. The Standard for Relief Under 28 U.S.C. § 2255 ............................................ 6

    B. The Categorical Approach to Crimes of Violence ............................................ 6

    II.    Mr. Aryeetey's § 924(c) conviction should be vacated ...................................... 7

CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Davis v. United States,*
  No. 18 Civ. 1308 (VB), 2019 WL 3429509 (S.D.N.Y. Jul. 30, 2019) ..................... 9

*Descamps v. United States,*
  570 U.S. 254 (2013) ..................................................................................... 6

*Johnson v. United States,*
  135 S. Ct. 2552 (2015) ................................................................................. 4

*Salinas v. United States,*
  522 U.S. 52 (1997) ....................................................................................... 8

*Schriro v. Summerlin,*
  542 U.S. 348 (2004) ..................................................................................... 11

*Sessions v. Dimaya,*
  138 S. Ct. 1204 (2018) ................................................................................. 5

*Shepard v. United States,*
  544 U.S. 13 (2005) ....................................................................................... 7

*Taylor v. United States,*
  495 U.S. 575 (1990) ..................................................................................... 6

*United States v. Acosta,*
  470 F.3d 132 (2d Cir. 2006) ......................................................................... 6

*United States v. Arrington,*
  2019 WL 5276747 (2d Cir. Oct. 18, 2019) ...................................................... 8-9

*United States v. Barrett,*
  937 F.3d 126 (2d Cir. 2019) .......................................................................... 6, 10

*United States v. Davis,*
  139 S. Ct. 2319 (2019) ........................................................................... *passim*

*United States v. Davis,*
  No. 13-50368, 2019 WL 3991883 (9th Cir. Aug. 23, 2019) .................................. 9

*United States v. Dibiase,*
  No. 12 Cr. 834 (ER) (S.D.N.Y. Jul. 24, 2019) ...................................................... 9

*United States v. Elder,*
  88 F. 3d 127 (2d Cir. 1996) ........................................................................... 10

*United States v. Johnson,*
  No. 16 Cr. 281 (PGG), 2019 WL 4451320 (S.D.N.Y. Sep. 17, 2019) ..................... 9

*United States v. Jones,*
  935 F.3d 266 (5th Cir. 2019) ................................................................. 9

*United States v. Kroll,*
  918 F.3d 47 (2d Cir. 2019) ................................................................... 7

*United States v. Pizzonia,*
  577 F.3d 455 (2d Cir. 2009) ................................................................. 8

*United States v. Reece,*
  938 F.3d 630 (5th Cir. 2019) ............................................................... 11

*United States v. Rosa,*
  507 F.3d 142 (2d Cir. 2007) ................................................................. 7

*United States v. Scott,*
  681 F. App'x 89 (2d Cir. 2017) ........................................................... 10

*United States v. Torres,*
  No. 13 Civ. 7885 (DC), 2014 WL 12727208 (S.D.N.Y. Jan. 13, 2014) .................. 6

*Welch v. United States,*
  136 S. Ct. 1257 (2016) ................................................................. 5, 11

*Woods v. United States,*
  No. 16 Civ. 6413 (MAT), 2019 WL 3859027 (W.D.N.Y. Aug. 16, 2019) ............... 9

**Statutes**

18 U.S.C. § 16 ......................................................................................... 5

18 U.S.C. § 924(c) ......................................................................... *passim*

18 U.S.C. § 1962(d) ....................................................................... *passim*

18 U.S.C. § 2255 ........................................................................... *passim*

21 U.S.C. § 846 ...................................................................................... 1

Defendant Ivanjoel Aryeetey submits this motion pursuant to 28 U.S.C. § 2255 to vacate his conviction under 18 U.S.C. § 924(c), based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Court held the residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. *Davis* renders Mr. Aryeetey's conviction invalid because his guilty plea was based on this unconstitutional provision. Without this provision, the predicate offense for his guilty plea—RICO conspiracy—is not a "crime of violence" for purposes of § 924(c). As a result, his § 924(c) conviction is invalid and must be vacated.

## BACKGROUND

### A.  Mr. Aryeetey's Conviction and Sentence

In April 2016, Ivanjoel Aryeetey was one of more than sixty co-defendants charged in a superseding indictment for offenses connected to the defendants' alleged involvement with "Big Money Bosses," a street gang operating in the Bronx. Count One of the indictment charged Mr. Aryeetey and others with a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO conspiracy), as prohibited by 18 U.S.C. § 1962(d). Count Two charged a narcotics conspiracy, in violation of 21 U.S.C. § 846. Count Three charged distribution of drugs near school grounds, in violation of 21 U.S.C. § 846. Finally, Count Four charged the defendants with the use and discharge of firearms in connection with the conspiracies charged in Count One and Count Two, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

In December 2016, Mr. Aryeetey agreed to plead guilty to Count Four, pursuant to a written plea agreement with the government. A copy of this plea agreement is attached as *Exhibit A*.

On December 8, 2016, the Court conducted Mr. Aryeetey's guilty plea allocation. A transcript of that allocation (cited as "Tr.") is attached as *Exhibit B*. During this allocation, and consistent the written plea agreement, the parties stated that Mr. Aryeetey was pleading guilty to a modified Count Four, where he admitted that firearms were "brandished," not discharged. Tr. 23-25.

Count Four of the superseding indictment alleged a § 924(c) firearms offense predicated on two possible alternative grounds: the RICO conspiracy charged in Count One and a drug offense charged in Count Two. Based on his written plea agreement and factual plea allocation, Mr. Aryeetey pled guilty only to a § 924(c) offense predicated on the RICO conspiracy.

At the plea allocation, the government stated the elements of Mr. Aryeetey's crime of conviction as follows:

> first, that the defendant committed a crime of violence, here, the violent racketeering conspiracy charged in Count One for which he might be prosecuted in a court in the United States; second, that the defendant used or carried a firearm during and in relation to the commission of or possessed a firearm in furtherance of that crime of violence, or aided and abetted another in that conduct; third, that the firearm was brandished; and fourth, that the defendant acted knowingly.

Tr. 26-27.

During his factual allocation to these elements, Mr. Aryeetey stated "I was an associate of BMB [Big Money Bosses] and during my associate I brandished … During my associate I brandished a gun." Tr. 35. In response to additional questioning at the behest of the government, he further stated that he brandished this gun "[i]n furtherance of the racketeering activity in Count One." Tr. 37. The government

agreed that this was a legally sufficient allocution, which satisfied the elements of the offense. Tr. 37. It also proffered that "as part of that racketeering enterprise the defendant agreed that BMB would commit two or more predicate acts of the crimes of violence, such as multiple forcible robberies." Tr. 38. After additional questioning, the Court accepted this guilty plea. Tr. 41.

Mr. Aryeetey was sentenced on May 15, 2017. For his offense, both the mandatory-minimum prison term and advisory Sentencing Guidelines range were 84 months' imprisonment, to run consecutively to any other sentence. *See* Presentence Investigation Report ¶¶ 32, 87-88. The Court imposed this mandatory-minimum term. *See* ECF Docket No. 1348. Mr. Aryeetey is currently incarcerated and serving this sentence, with an estimated release date of February 2023.

## B.   Post-Conviction Proceedings

Mr. Aryeetey did not file any direct appeal of his conviction. In October 2017, he submitted a letter and pro se motion pursuant to 28 U.S.C. § 2255. *See* ECF Docket No. 1804. In this motion, he claimed that he received ineffective assistance of counsel. *See id.* The Court ordered a response from the government and further litigation followed. On March 11, 2019, the government filed an opposition to Mr. Aryeetey's pro se motion. *See* ECF Docket No. 2536.[1] This motion remains pending.

---

[1] It is not clear to what extent the government will continue to rely on or assert the arguments it raised in this opposition. The defense's reply to the government's arguments will be set forth in our actual reply to the government's opposition to this memorandum, in accordance with the new briefing schedule set by the Court.

On June 24, 2019, the Supreme Court decided *United States v. Davis*, 139 S.

Ct. 2319 (2019), discussed below. By order dated September 13, 2019, this Court

appointed the Federal Defenders of New York to represent Mr. Aryeetey "for the

purpose of determining eligibility for relief under *Davis*." The defense now submits

this memorandum based on the *Davis* ruling.

## C.   The Supreme Court's Decision in *United States v. Davis*

Mr. Aryeetey pled guilty to § 924(c)(1)(A)(ii) for brandishing a firearm in

connection with a RICO conspiracy. Section 924(c)(1)(A)(ii) states, in relevant part:

> any person who, during and in relation to any crime of violence or drug
> trafficking crime … for which the person may be prosecuted in a court
> of the United States, uses or carries a firearm, … shall, in addition to
> the punishment provided for such crime of violence or drug trafficking
> crime-- … (ii) if the firearm is brandished, be sentenced to a term of
> imprisonment of not less than 7 years ….

Section 924(c)(3) defines a "crime of violence" as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of
> physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force
> against the person or property of another may be used in the course of
> committing the offense.

Section 924(c)(3)(A) is known as the "elements" or "force" clause and § 924(c)(3)(B) is

known as the "residual" clause.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held

§ 924(c)(3)(B) unconstitutionally vague. The Court recognized that it had already

invalidated two statutes "that bear more than a passing resemblance" to § 924(c)'s

residual clause. *Davis*, 139 S. Ct. at 2325. First, in *Johnson v. United States*, 135 S.

Ct. 2552 (2015), the Court struck down a similarly-worded clause of the Armed Career

4

Criminal Act (ACCA), as unconstitutionally vague.[2] Then, in *Sessions v. Dimaya*, 138

S. Ct. 1204, 1210 (2018), the Court held unconstitutional a similar clause in 18 U.S.C.

§ 16's definition of a crime of violence.

Following these decisions, and affirming that, "[i]n our constitutional order, a

vague law is no law at all," the Supreme Court held § 924(c)(3)(B)'s residual clause

unconstitutionally vague. *Davis*, 139 S. Ct. at 2324. In the Court's words, it "provides

no reliable way to determine which offenses qualify as crimes of violence." *Id.*

As part of its ruling, the *Davis* Court also rejected the government's argument

that it could avoid invalidating this provision by abandoning the Court's long-

standing "categorical" approach to crime-of-violence predicates and instead

examining "the 'defendant's actual conduct' in the predicate offense." *See id.* at 2327.

Reviewing the text, context, and history of § 924(c), the Court found no support for

the "government's newly minted case-specific theory." *Id.* The Court affirmed that

courts should continue to use the categorical approach to decide if an offense qualifies

as a crime of violence for purposes of § 924(c). *See id.* at 2328-36.

---

[2] The following term, in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that *Johnson* announced a new "substantive rule that has retroactive effect in cases on collateral review."

## ARGUMENT

### I.    Applicable Law

#### A.    The Standard for Relief Under 28 U.S.C. § 2255

A federal prisoner may challenge his conviction and sentence under 28 U.S.C. § 2255 if it was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Where a judgment is found "vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A court may act on this motion "without requiring the production of the prisoner." 28 U.S.C. § 2255(c); *see also United States v. Torres*, 13 Civ. 7885 (DC), 2014 WL 12727208, at *1 (S.D.N.Y. Jan. 13, 2014).

#### B.    The Categorical Approach to Crimes of Violence

To evaluate whether an offense qualifies as a crime of violence for purposes of § 924(c), courts use a categorical approach. *See, e.g.*, *Davis*, 139 S. Ct. at 2327; *United States v. Barrett*, 937 F.3d 126, 128 (2d Cir. 2019) (vacating § 924(c) conviction predicated on Hobbs Act conspiracy because the decision whether an offense is a crime of violence "must be made categorically").

Under this approach, courts "'look only to the statutory definitions'—*i.e.*, the elements" of an offense and "*not* 'to the particular facts underlying those convictions.'" *Descamps v. United States*, 570 U.S. 254, 261 (2013) (quoting *Taylor v. United States*, 495 U.S. 575 (1990)); *see also United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006). "The key … is elements, not facts." *Descamps*, 570 U.S. at 261.

To determine the elements of a particular offense, a court consults the law itself and, to the extent that a law is divisible, a limited number of case-specific documents. *See, e.g.*, *Shepard v. United States*, 544 U.S. 13, 16 (2005); *United States v. Kroll*, 918 F.3d 47, 54-55 (2d Cir. 2019). These so-called *Shepard* documents include the defendant's indictment, plea agreement, plea colloquy, or jury instructions; they do not include other documents, such as police reports, a bill of particulars, or presentence reports. *See, e.g.*, *Shepard*, 544 U.S. at 16; *United States v. Rosa*, 507 F.3d 142, 154-56 (2d Cir. 2007). The documents are consulted only to determine the elements of the offense of which a defendant was convicted, not the facts of the case.

## II.     Mr. Aryeetey's § 924(c) conviction should be vacated.

After *Davis*, Mr. Aryeetey's conviction under 18 U.S.C. § 924(c) is legally invalid and must be vacated. Mr. Aryeetey pled guilty to brandishing a firearm in connection with a RICO conspiracy. RICO conspiracy qualified as a crime of violence under § 924(c)(3)(B)'s residual clause. But the Supreme Court has held that clause unconstitutionally vague and RICO conspiracy is not categorically a crime of violence under the remaining elements clause, § 924(c)(3)(A). Like Hobbs Act conspiracy, and other conspiracy offenses courts have revisited in the wake of *Davis*, RICO conspiracy does not have an element involving the use or threatened use of force. It is therefore not a crime of violence. Because Mr. Aryeetey's § 924(c) conviction and sentence are based on an unconstitutional provision of law, they should be vacated.

First, his plea allocution makes clear that Mr. Aryeetey plead guilty to § 924(c) based on the use and brandishing of a gun in connection with a RICO conspiracy, 18 U.S.C. § 1962(d). At his allocution, the government specifically stated that his guilty

plea was to brandishing a gun in connection with a crime of violence and identified

that crime of violence as the RICO conspiracy charged in Count One. *See* Tr. 26-27.

Mr. Aryeetey's factual allocution reflected these elements, as he admitted that he had

been associated with BMB and brandished a gun during that association and in

"furtherance of the racketeering activity n Count One." *See* Tr. 35-37.

Next, following *Davis*, the Court should find that a racketeering conspiracy is

not a qualifying crime of violence. In order to be a crime of violence for purposes of

§ 924(c), an offense must have "as an element the use, attempted use, or threatened

use of physical force against the person or property of another." 18 U.S.C.

§ 924(c)(3)(A). RICO conspiracy does not have such an element.

The Second Circuit has stated the elements of a RICO conspiracy, 18 U.S.C.

§ 1962(d), as follows: "To prove a RICO conspiracy, the Government need not

establish the existence of an enterprise, … or that the defendant committed any

predicate act …. It need only prove that the defendant knew of, and agreed to, the

general criminal objective of a jointly undertaken scheme." *United States v.*

*Arrington*, -- F.3d --, 2019 WL 5276747, at *6 (2d Cir. Oct. 18, 2019) (internal citations

omitted); *see also Salinas v. United States*, 522 U.S. 52, 63 (1997) (discussing RICO

conspiracy and finding no overt act requirement); *United States v. Pizzonia*, 577 F.3d

455, 463 (2d Cir. 2009) (stating that RICO conspiracy is a conspiracy to participate

in the charged enterprise's affairs and not a conspiracy to commit predicate acts).

In other words, the elements include only that the defendant entered an

agreement to participate in an enterprise that would affect interstate commerce

8

through a pattern of racketeering activity, *see Arrington*, 2019 WL 5276747 at \*6—

the government does not need to prove any act beyond that agreement.

There is thus no element involving the threatened, attempted, or actual use of

physical force against the person or property of another. Accordingly, a racketeering

conspiracy is not a crime of violence for purposes of § 924(c). *See, e.g., United States*

*v. Johnson*, 16 Cr. 281 (PGG), 2019 WL 4451320, at \*27-28 (S.D.N.Y. Sep. 17, 2019)

(noting that the government "concedes that, in light of *Davis*, racketeering conspiracy

can no longer constitute a crime of violence" and vacating § 924(c) conviction related

to racketeering conspiracy, despite government argument that conviction could also

have been based on narcotics conspiracy); *Davis v. United States*, No. 18 Civ. 1308

(VB), 2019 WL 3429509, at \*8-9 (S.D.N.Y. Jul. 30, 2019) (granting § 2255 motion to

vacate § 924(c) conviction based on RICO conspiracy and ordering resentencing);

*Woods v. United States*, No. 16 Civ. 6413 (MAT), 2019 WL 3859027, at \*1-2 (W.D.N.Y.

Aug. 16, 2019) (same); *United States v. Daniel Dibiase*, No. 12 Cr. 834 (ER), ECF

Docket No. 184 (S.D.N.Y. Jul. 24, 2019) (government letter agreeing to vacate § 924(c)

conviction predicated on RICO conspiracy, following *Davis*); *see also United States v.*

*Jones*, 935 F.3d 266, 271 (5th Cir. 2019) (holding "RICO conspiracy is not a crime of

violence" and vacating § 924(c) trial convictions); *United States v. Davis*, No. 13-

50368, 2019 WL 3991883, at \*2 (9th Cir. Aug. 23, 2019) (vacating § 924(c) conviction

predicated on RICO conspiracy and ordering resentencing).

A racketeering conspiracy is not a crime of violence under § 924(c)(3)(A)'s force

clause for the same reasons that many conspiracies are not: conspiracy offenses

require only an agreement to commit certain actions, and not the actual, attempted, or even threatened commission of the actions. The conspiracy offense therefore does not have an element involving the actual or threatened use of force *See, e.g.*, *Barrett*, 937 F.3d at 128 (holding that Hobbs Act conspiracy is not a crime of violence post-*Davis*). This is true even if a court finds that a particular defendant's conduct *in fact* involved violence. *See id.*

For this reason, and as the Circuit in *Barrett* recognized, *Davis* effectively abrogates prior Second Circuit decisions that "treat conspiracy generally as a crime of violence if at least one of its objects is committing a crime of violence," *see United States v. Scott*, 681 F. App'x 89, 95 (2d Cir. 2017) (citing *United States v. Elder*, 88 F.3d 127 (2d Cir. 1996)). Thus, even though substantive Hobbs Act robbery is a crime of violence for purposes of § 924(c), conspiracy to commit Hobbs Act robbery is not. *See Barrett*, 937 F.3d at 128-29. As the Circuit recognized, its prior reasoning on this issue depended on "*both* § 924(c)(3)(A) and § 924(c)(3)(B)," meaning that it "'still necessarily depends' in part on § 924(c)(3)(B)." *Barrett*, 937 F.3d at 129 (quoting government brief). But *Davis* holds that this provision is "no longer valid in any form," meaning that this prior reasoning must be abandoned. *See id.*

In sum, it is clear that Mr. Aryeetey's conviction for illegally using a gun in furtherance of a RICO conspiracy was based on § 924(c)(3)(B)'s residual clause. Because this clause is unconstitutional, and RICO conspiracy is not a valid predicate under the force clause, his conviction should be vacated.

10

Finally, the Court should recognize that *Davis* announced a new rule of constitutional law that applies retroactively to cases on collateral review. For these purposes, *Davis* is indistinguishable from the Supreme Court's 2015 *Johnson* decision, which the Court held retroactive. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *see also Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (stating that "decisions that narrow the scope of a criminal statute" apply retroactively). Like *Johnson*, *Davis* is a new substantive rule, narrowing the scope of a criminal statute on constitutional grounds. If this ruling applied prospectively only, this would create "a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Summerlin*, 542 U.S. at 352. *Davis* thus applies retroactively. *See United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019) (holding *Davis* applies retroactively because it announced a new substantive rule of constitutional law and finding that conspiracy to commit bank robbery is no longer a crime of violence).

## CONCLUSION

For all of these reasons, the Court should grant the defense's motion pursuant to 18 U.S.C. § 2255 and vacate Mr. Aryeetey's § 924(c) conviction.

Dated:      New York, New York
            November 14, 2019

                              Respectfully submitted,
                              Federal Defenders of New York

                          By: _/s/ Sarah Baumgartel____
                              Sarah Baumgartel, Esq.
                              Federal Defenders of New York
                              52 Duane St., 10th Fl.
                              New York, NY 10007
                              T: (212) 417-8772

11