USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/26/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA, :
:
     -v- : 15-CR-95 (AJN)
:
IVANJOEL ARYEETEY, : ORDER
:
     Defendant. :
:
------------------------------------------------------------------------X

ALISON J. NATHAN, United States District Judge:

     A change of plea videoconference using the CourtCall platform is hereby scheduled for **June 4, 2020**, at **9 a.m.** Defense counsel will be given an opportunity to speak with the Defendant by telephone for fifteen minutes before the sentencing proceeding begins (i.e., at **8:45 a.m.**); defense counsel should make sure to answer the telephone number that was previously provided to Chambers at that time.

     To optimize the quality of the video feed, only the Court, the Defendant, defense counsel, and counsel for the Government will appear by video for the proceeding; all others will participate by telephone. Due to the limited capacity of the CourtCall system, only one counsel per party may participate. Co-counsel, members of the press, and the public may access the audio feed of the conference by calling 855-268-7844 and using access code 32091812# and PIN 9921299#.

     In advance of the conference, Chambers will email the parties with further information on how to access the conference. Those participating by video will be provided a link to be pasted into their browser. **The link is non-transferrable and can be used by only one person**;

further, it should be used **only** at the time of the conference because using it earlier could result in disruptions to other proceedings.

To optimize use of the CourtCall technology, all those participating by video should:

1. Use the most recent version of Firefox, Chrome, or Safari as the web browser.  Do **not** use Internet Explorer.

2. Use hard-wired internet or WiFi.  If using WiFi, the device should be positioned as close to the Wi-Fi router as possible to ensure a strong signal.  (Weak signals may cause delays or dropped feeds.)

3. Minimize the number of others using the same WiFi router during the conference.

Further, all participants must identify themselves every time they speak, spell any proper names for the court reporter, and take care not to interrupt or speak over one another.  Finally, all of those accessing the conference — whether in listen-only mode or otherwise — are reminded that recording or rebroadcasting of the proceeding is prohibited by law.

If CourtCall does not work well enough and the Court decides to transition to its teleconference line, counsel should call **(888) 363-4749** and use access code **9196964#**.  (Members of the press and public may call the same number but will not be permitted to speak during the conference.)  In that event, counsel should adhere to the following rules and guidelines during the hearing:

1. Each party should designate a single lawyer to speak on its behalf (including when noting the appearances of other counsel on the telephone).

2. Counsel should use a landline whenever possible, should use a headset instead of a speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise.  In addition, counsel should not use voice-activated systems that do not allow the user to know when someone else is trying to speak at the same time.

3. To facilitate an orderly teleconference and the creation of an accurate transcript, counsel are *required* to identify themselves every time they speak.  Counsel should spell any proper names for the court reporter.  Counsel should also take special care not to interrupt or speak over one another.

    4. If there is a beep or chime indicating that a new caller has joined while counsel is speaking, counsel should pause to allow the Court to ascertain the identity of the new participant and confirm that the court reporter has not been dropped from the call.

To the extent that there are any documents relevant to the proceeding (e.g., proposed orders or documents regarding restitution, forfeiture, or removal), counsel should submit them to the Court (by email or on ECF, as appropriate) **at least 24 hours prior to the proceeding**. To the extent any documents require the Defendant's signature, defense counsel should endeavor to get them signed in advance of the proceeding as set forth above; if defense counsel is unable to do so, the Court will conduct an inquiry during the proceeding to determine whether it is appropriate for the Court to add the Defendant's signature.

SO ORDERED.

Dated: May 26, 2020
      New York, New York

                            ALISON J. NATHAN
                          United States District Judge

3